IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALMUIZ ALTIEP, | § | |
|        Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 3:21-CV-316 |
| | § | JURY DEMANDED |
| RT WHOLESALE, LLC dba FOOD EVOLUTION, | § | |
| | § | |
|        Defendants. | § | |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

1. Defendant RT Wholesale, LLC, dba Food Evolution ("Food Evolution") hereby files this Notice of Removal pursuant to Title 28, United States Code, Sections 1331, 1441, and 1446. In support of this Notice, and in compliance with the requirements for removal, Defendant would show the following:

**Factual Background**

2. Food Evolution has a food production facility in Dallas, Texas. Food Evolution hired Plaintiff Almuiz Altiep as its Quality Assurance Manager on October 8, 2018. On May 29, 2019, Defendant terminated Plaintiff's employment.

3. On November 19, 2019, Plaintiff filed a complaint against Food Evolution with the United States Department of Labor Occupational Safety and Health Administration ("OSHA") alleging that his termination was retaliatory, in violation of Section 402 of the FDA Food Safety Modernization Act ("FSMA"), Title 21, United States Code, Section 399d. *See* Exhibit 10. OSHA has not yet issued a final determination with respect to this complaint.

4. On December 15, 2020, Plaintiff filed a lawsuit in the County Court at Law No. 1 of Dallas County, Texas, styled *Almuiz Altiep v. RT Wholesale, LLC dba Food Evolution*, Cause No. CC-20-05410-A ("State Court Action"). *See* Exhibit 1, Plaintiff's Original Petition. This action is pending and has not been dismissed.

5. On January 15, 2020, counsel for Plaintiff sent a copy of the Original Petition and citation to counsel for Defendant by email. This was the first time that Defendant received a copy of the initial pleading setting forth the claim for relief upon which this action is based. *See* Exhibit 11. Accordingly, pursuant to Title 28, United States Code, Section 1446(b), this Defendant files this Notice of Removal within 30 days of the date that Defendant received the initial pleadings and summons, and within one year of the date on which the underlying State Court Action was commenced and, therefore, it is timely.

## Grounds for Removal

6. Food Evolution removes this case on the basis of federal question jurisdiction. A federal district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a case presents a federal question is determined by the "well-pleaded complaint" rule, which requires that a federal question appear on the face of the plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Drawhorn v. Qwest Comm. Int'l*, 121 F.Supp.2d 554, 559 (E.D. Tex. 2000).

**a.    The artful pleading doctrine applies.**

7.     The "artful pleading exception to the well-pleaded complaint rule is designed to preclude a plaintiff from pleading what is essentially a federal claim on state grounds in order to avoid federal jurisdiction." *See Halfmann v. USAG Ins. Servs.*, No. 6:00-CV-070-C, 2000 U.S. Dist. LEXIS 15670, at *21 (N.D. Tex. Oct. 23, 2000) (not designated for publication). "[T]he court must evaluate a plaintiff's motive for her failure to plead a federal cause of action. If the court concludes that the plaintiff's failure to plead her federal claim was not in good faith, but rather was an attempt to conceal the fact that her claim was truly federal, the court will allow removal." *Id., citing Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1161 (5th Cir. 1989).

8.     Plaintiff alleges that he was Food Evolution's Quality and Food Safety Manager, that he was legally obligated to share with the FDA certain findings regarding test results on the products Food Evolution processed, and that it is an illegal act not to share the results.[1] He claims that, in March 2019, he informed members of Food Evolution's management of certain test results that he contends he was obligated to share with the FDA inspector. Plaintiff claims that Food Evolution's management, who were his supervisors, allegedly told him not to share the results.[2] According to Plaintiff, this alleged instruction was an order to commit an illegal act, and he claims that he informed Food Evolution's management that he was refusing to follow the instruction not to share the results.[3] Plaintiff then shared the results with the FDA inspector, and he was

---

[1] *See* Exhibit 1, Plaintiff's Original Petition, at p. 2, ¶ ¶ 5.2, 5.3.
[2] *See* Exhibit 1, Plaintiff's Original Petition, at p. 2, ¶ 5.4.
[3] *See* Exhibit 1, Plaintiff's Original Petition, at p. 2, ¶ ¶ 5.5, 5.6.

subsequently terminated.[4] Defendant denies Plaintiff's allegations.

9. The Food, Drug, and Cosmetics Act ("FDCA"), Title 21, United States Code, Section 301, *et seq.*, grants the Food and Drug Administration ("FDA") authority to oversee the safety and labeling of food. *See Axon v. Citrus World, Inc.*, 354 F.3d 170, 179 (E.D.N.Y. 2018). The FSMA is an amendment to the FDCA. Section 402 of the FSMA is a whistleblower statute providing, among other things, that it unlawful to discharge an employee because the employee: provided the federal government with information related to any violation of, or any act or omission the employee reasonable believes to be a violation of, any provision of the FDCA; or objected to, or refused to participate in, any activity, policy, practice, or assigned task that the employee reasonable believed to be in violation of any provision of the FDCA. *See* 21 U.S.C. § 399d(a).

10. Plaintiff clearly pleads a whistleblower claim pursuant to Section 402 of the FSMA; he just does not identify it as such. Indeed, Plaintiff identifies no causes of action in his Original Petition, which is convenient when seeking to avoid federal jurisdiction. However, the law provides that a plaintiff should not be permitted to avoid federal jurisdiction through artful pleading.

11. A whistleblower claim under Section 402 of the FSMA is a claim that arises under the Constitution, treaties, or laws of the United States. Furthermore, Plaintiff is now permitted to bring this whistleblower complaint against Food Evolution because more than 210 days has elapsed since Plaintiff submitted his whistleblower complaint to

---

[4] *See* Exhibit 1, Plaintiff's Original Petition, at p. 2, ¶ ¶ 5.6, 5.7.

OSHA, and OSHA has not issued a final determination. *See* 21 U.S.C. § 399d(b)(4). Consequently, this Court may exercise original jurisdiction in this matter pursuant to Title 42, United States Code, Section 1331.

**b.      This case invokes a substantial question of federal law.**

12.     The Supreme Court has also held that a case may "'arise under' the laws of the United States if a well-pleaded complaint establishes that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983).

13.     The crux of Plaintiff's claim is that there were "certain test results" he believed he was required to share with the FDA, it was an illegal act not to share the results, he was ordered not to share them, he refused and shared them with the FDA, and he was terminated.[5] Not only does Plaintiff conveniently fail to mention what matter these test results related to, he fails to mention why it was illegal to not share them. However, Plaintiff does state that he believed he was required to share the results with the FDA. It is federal law, specifically the FDCA, that provides what reports are required to be submitted to the FDA, and it prescribes criminal penalties for the failure to do so. *See* 21 U.S.C. §§ 331(e), 333, 350f.

14.     One of the key issues in this case is whether the "certain test results" were required to be reported to the FDA and, accordingly, it will be necessary to resolve a substantial question of federal law that is in dispute between the parties. For this

---

[5] *See* Exhibit 1, Plaintiff's Original Petition, at p. 2, ¶¶ 5.2-5.7.

additional reason, Plaintiff's claims arise under federal law and this removal is proper.

### Supplemental Jurisdiction

15. This Honorable Court has supplemental jurisdiction over any other claims asserted by Plaintiff in the underlying State Court Action because they are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Thus, the entire underlying state court action is removable.

### Removal Venue

16. Venue is proper in this United States District Court for the Northern District of Texas, Dallas Division, because it is the judicial district and division in which the underlying state court action is pending. 28 U.S.C. § 1441(a).

### No Related Case

17. There is no related case, as defined by Local Rule 3.3, requiring a notice of related case.

### Consent to Removal

18. This Defendant consents to this Notice of Removal. *See* Exhibit 12.

### Notice to State Court Regarding Removal

19. Promptly after the filing of this Notice of Removal, Defendant will give written notice thereof to all adverse parties, and will file a copy of the Notice of Removal with the Clerk of the County Court at Law No. 1, pursuant to Title 28, United State Code, Section 1446(d).

## Index of Documents

20. In compliance with Title 28, United States Code, Section 1446(a) and Local Rule 81.1(a)(4), Defendant provides the following index of documents which were filed in the State Court Action and which are attached to this Notice of Removal:

| **Exhibit** | **Description** |
| --- | --- |
| Exhibit 1 | Plaintiff's Original Petition, filed December 15, 2020. |
| Exhibit 2 | Civil Case Information Sheet, filed December 15, 2020. |
| Exhibit 3 | Citation to RT Wholesale, LLC dba Food Evolution, filed December 15, 2021. |
| Exhibit 4 | Correspondence from Plaintiff's counsel requesting citation be issued, filed January 14, 2021. |
| Exhibit 5 | Defendant's Special Exceptions and Original Answer, filed February 1, 2021. |
| Exhibit 6 | Defendant's Jury Demand, filed February 9, 2021. |
| Exhibit 7 | Correspondence from Defendant's counsel requesting certified docket sheet, dated February, 11, 2021. |
| Exhibit 8 | Defendant's First Amended Answer, filed February 12, 2021. |

21. Defendants also attach the following exhibits to this Notice of Removal:

| **Exhibit** | **Description** |
| --- | --- |
| Exhibit 9 | Certified Copy of the Docket Sheet for the State Court Action. |

| | |
|---|---|
| Exhibit 10 | Correspondence from OSHA advising Food Evolution of Plaintiff's whistleblower complaint under the FSMA, dated November 25, 2019. |
| Exhibit 11 | Correspondence from Plaintiff's counsel forwarding a copy of the Original Petition to Defendant's counsel, dated January 15, 2021. |
| Exhibit 12 | Defendants' Written Consent to Removal. |
| Exhibit 13 | Civil Cover Sheet. |
| Exhibit 14 | Supplemental Civil Cover Sheet. |

22.   WHEREFORE, PREMISES CONSIDERED, Defendant RT Wholesale, LLC, dba Food Evolution removes this action to the United States District Court for the Northern District of Texas, Dallas Division, based on federal question jurisdiction under Title 28, United States Code, Sections 1331, 1441, and 1446.

Respectfully submitted,

TOUCHSTONE, BERNAYS, JOHNSTON,
BEALL, SMITH & STOLLENWERCK, LLP

s/Christian P. Shippee
Christian P. Shippee – 24033063
christian.shippee@tbjbs.com
Attorney-in-Charge
Barry A. McCain – 24092787
barry.mccain@tbjbs.com
1717 Main Street, Suite 3400
Dallas, Texas 75201
Phone No.: 214-741-1166
Fax No: 214-259-8784
COUNSEL FOR DEFENDANT
RT WHOLESALE, LLC

CERTIFICATE OF SERVICE

On this 12th day of February, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

s/Christian P. Shippee
Christian P. Shippee
